# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1083
Lower Tribunal No. 22-3320 CC

————————————

**Yolanda Ramirez,**
Appellant,

vs.

**Milton Raul Lopez and Jennifer Coba,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Legal Services of Greater Miami, Inc., and Jeffrey M. Hearne, and Kathryn Mesa, for appellant.

Milton Raul Lopez and Jennifer Coba, in proper persons.

Before LOGUE, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Upon review of the record before us, we reverse the final judgment of eviction in this landlord-tenant dispute because the trial court should have set Tenant's motion to determine rent for an evidentiary hearing to resolve the disputed issue of how much rent Tenant should have deposited into the court registry.  See Jappa v. Master Lessee Mezzo, LLC, 346 So. 3d 222, 224 (Fla. 2d DCA 2022) (holding that the trial court erred by entering a default final judgment without holding a hearing to resolve a dispute over the amount of accrued rent the tenant had to pay into the court registry); Axen v. Poah Cutler Manor, LLC, 323 So. 3d 800, 801 (Fla. 3d DCA 2021) (holding that the trial court erred by entering final judgment without addressing the tenant's pending motion to determine rent); Prince v. MCR Apts. 1, LLC, 326 So. 3d 228, 228(Fla. 3d DCA 2021) ("[W]e conclude the tenant's motion for determination of rent, pending and unresolved in the trial court, precluded entry of the judgment." (citing Axen, 323 So. 3d at 801)).

Reversed and remanded.